IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

ISAI TORRALBA DURAN,
Petitioner,
v.
BRUCE SCOTT, Warden of Northwest Immigration Processing Center; JULIO HERNANDEZ, Acting Field Office Director, Seattle Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, in his official capacity; and MARK WAYNE MULLIN, Secretary of the U.S. Department of Homeland Security
Respondents.

No. 2:26-CV-04006-SAB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is represented by Behrad Rahbin. Respondents are represented by Lawrence Joel Van Daley Sr.

Petitioner is a citizen of Mexico who is currently being held at the Ice Processing Center in Tacoma, Washington. He asserts that his current detention is unconstitutional.

On or about June 28, 2024. Petitioner entered the United States on

advanced-parole pursuant to 8 U.S.C. § 1182(d)(5)(A). Since that time, Petitioner has continued to live within the United States. Respondents assert that Petitioner's parole expired on June 25, 2025, and that his detention is mandated under 8 U.S.C. § 1225(b)(2)(A).

Advance parole is a form of discretionary parole under 8 U.S.C. § 1182(d)(5)(A). Advanced parole is not an admission into the United States. 8 U.S.C. § 1101(a)(13)(B). Under 8 C.F.R. § 212.5(e)(1), parole terminates automatically at expiration of the period authorized, without additional written notice. Alternatively, parole is terminated when its purpose has been fulfilled or when an authorized DHS official decides that "neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States." 8 C.F.R. § 212.5(e)(2)(i). Written notice is required under those circumstances. *Id*. Upon termination of parole, the noncitizen reverts to the status that they had at the time parole was granted. *Id*.

Respondents assert that, because Petitioner's parole automatically expired, they had the authority to detain him without notice. However, other courts in this district have found that, when DHS allows a significant period of time to lapse between the automatic expiration of humanitarian parole and subsequent re-detention, there is an implied continuation of the parole period for which DHS must follow the notice procedures outlined in 8 C.F.R. § 212.5(e)(2)(i) prior to re-detaining the noncitizen. *Kozlenko v. Hernandez et al.*, No. 2:26-CV-03194, 2026 WL 3016386, at *3 (W.D. Wash. Oct. 7, 2026). Here, the record does not reflect that Respondents provided Petitioner with specific notice or opportunity to be heard prior to re-detaining him. Petitioner's advanced-parole began on June 28, 2024, and the parole technically expired on June 25, 2025. Respondents did not re-detain petitioner until September 6, 2026, which implies a continuation of the parole period and obligates Respondents to provide Petitioner with written notice prior to re-detaining him. *Kozlenko*, 2026 WL 3016386, at *3.

In determining whether a petitioner who was released and later re-detained is subject to mandatory or discretionary detention, courts may consider the government's treatment of the petitioner and the context of the decision to release them. *Pantoja Sanchez v. Hernandez*, No. 2:26-CV-00884-TMC, 2026 WL 1506130, at *2 (W.D. Wash. May 29, 2026). The discretionary decision to release Petitioner on parole supports the conclusion that he is subject to discretionary detention under 8 U.S.C. § 1226. *Aguilar-Graterol v. Warden/facility Adm'r, Nw. Det. Ctr.*, No. 2:26-CV-00997-LK, 2026 WL 1162705, at *4 (W.D. Wash. Apr. 29, 2026); *Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025). Petitioner has no criminal convictions that subject him to mandatory detention under § 1226(c), so he is subject to discretionary detention under § 1226(a).

Under these circumstances, courts have applied the *Mathews* test to determine whether DHS provided Petitioner with constitutionally adequate pre-detention process. *Kozlenko v. Hernandez et al.*, No. 2:26-CV-03241, 2026 WL 3120777, at *3 (W.D. Wash. Oct. 19, 2026). The *Mathews* test weighs: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards," and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976). When evaluating the third factor, Courts must analyze the governmental function involved, as well as the fiscal and administrative burdens that additional or substitute procedures would require. *Id*. at 335.

A finding in favor of an immigration petitioner under *Mathews* requires immediate release in order to restore the status quo. *See e.g., Rana v. Bondi*, No. 26-cv-244, 2026 WL 472800, at *4-5 (W.D. Wash. Feb. 19, 2026); *Lopez Camacho v. Ice Field Office Director*, No. 2:26-CV-00925-RAJ, 2026 WL 1243459, at *8 (W.D. Wash. May 6, 2026); *K.G.M.Q. v. Bondi*, No. 2:26-CV-

00506-TL, 2026 WL 962609, at *12 (W.D. Wash. Apr. 9, 2026); *Kirykovich v. Hernandez*, No. 2:26-CV-00695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026) ("Because the constitutional violation is the absence of pre-deprivation process, the proper remedy is to restore the status quo ante—that is, to return [the petitioner] to the conditions that existed before his unlawful detention."). The status quo is the last uncontested status preceding the pending controversy. *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963).

The *Mathews* factors weigh in favor of Petitioner. First, Petitioner has a protected liberty interest in remaining free from custody, especially since he was released on advanced-parole in 2024. Second, the risk of deprivation of liberty is high: it does not appear that Respondents conducted a hearing or otherwise provided notice or an opportunity to be heard at the outset of Petitioner's re-detention to determine an individualized risk of flight or danger. Third, Respondents' interest in re-detaining Petitioner without a hearing is minimal: while holding a hearing would have cost time and money, those costs are outweighed by Petitioner's liberty interests.

As Petitioner's detention was the impetus for the pending controversy, the Court finds it appropriate to order his immediate release. *Tanner*, 316 F.2d at 809. Furthermore, having a bond hearing at this stage would not cure the underlying constitutional violation; immediate release is the only way to return the status quo.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

2. Respondents shall release Petitioner from immigration detention within 24 hours of this Order, subject to the terms of his most recent parole agreement.

3. Within two (2) days of the date of this Order, Respondents shall file a certification that Petitioner has been released.

4. Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

5. At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 20th day of November 2026.

Stanley A. Bastian
United States District Judge